**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 17-6491

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OSCAR OMAR LOBO-LOPEZ, a/k/a Joker,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   T. S. Ellis, III, Senior District Judge.   (1:08-cr-00194-TSE-1; 1:16-cv-00761-TSE)

Submitted:  August 25, 2017                                    Decided:  September 8, 2017

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Oscar Omar Lobo-Lopez, Appellant Pro Se.  Patricia T. Giles, Morris Rudolph Parker, Jr., Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Omar Lobo-Lopez seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion. On appeal, Lobo-Lopez reargues the merits of his motion but does not address the timeliness of his appeal. Finding his appeal untimely filed, we dismiss for lack of jurisdiction.

In civil cases in which the United States is a party, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B). The time limits of Rule 4(a) are "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Rule 4(a)(6)(B) permits reopening of the appeal period if the litigant moves for such relief within 180 days after the entry of the judgment or 14 days after the party receives notice under Fed. R. Civ. P. 77(d), whichever is earlier. Thus, a Rule 4(a)(6) motion may not be granted if it is filed more than 180 days from the entry date of the order the movant is seeking to appeal.

Lobo-Lopez asserts that he was not aware of the § 2255 proceeding (filed by counsel) until after his motion had already been denied. In this case, the district court's final order was entered on the docket on July 27, 2016.[*] The 180th day from the entry of the district court's order was January 23, 2017. Lobo-Lopez's notice of appeal, filed

---

[*] The district court also subsequently filed an amended memorandum. However, even if the time is calculated from the later date, Lobo-Lopez's appeal was still untimely.

2

when he was incarcerated, was filed at the earliest on March 31, 2017. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Because Lobo-Lopez did not timely file his notice of appeal, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*